**Patricia CLAY, Plaintiff,**

v.

**EDWARD J. FISHER, JR., M.D., INC., et al., Defendants.**

No. C-1-83-447.

United States District Court,
S.D. Ohio, W.D.

Aug. 1, 1984.

Michael A. Kennedy, Clermont County Legal Aid Society, Batavia, Ohio, for plaintiff.

Philip J. Blomer, Cincinnati, Ohio, for Edward J. Fisher, Jr., M.D., Inc.

Thomas L. Blust, Batavia, Ohio, for Russell Simmons and John VanCamp.

OPINION AND ORDER DENYING COUNTY DEFENDANTS' MOTION TO ASSESS ATTORNEY FEES AGAINST THE STATE OF OHIO

SPIEGEL, District Judge:

This matter came on for hearing on a motion by defendants Clermont County Sheriff VanCamp and Clermont County Clerk of Courts Simmons (county defendants) to assess attorney fees against the State of Ohio as the entity intended by Congress to bear the burden of attorney fee awards (doc. 25). In a letter dated June 26, 1984, we established a briefing schedule and granted leave for defendants to file a supplemental memorandum and for the Attorney General of Ohio to appear as amicus curiae. Defendants subsequently filed a supplemental memorandum in support of their motion (doc. 30), and the Attorney General filed an amicus brief (doc. 31). For reasons that follow, we conclude that we lack the power to order the State of Ohio to pay attorney's fees in a case in which it has not been brought in as a party and in which it has chosen not to appear.

Plaintiff brought this action for declaratory judgment on behalf of herself and others similarly situated pursuant to 42 U.S.C. § 1983 against, among others, the Clerk of the Clermont County Court of Common Pleas and the Sheriff of Clermont County.[1]

---

1. The action also sought damages against defendant Edward J. Fisher, Jr., M.D., Inc., who

sought to execute on the personal property of the named plaintiff after receiving a judgment

The original and amended complaints alleged that O.R.C. § 2329 and § 1917, governing executions upon personal property of a judgment debtor, are unconstitutional in that they do not permit for notice of the right to claim an exemption or the opportunity for a post-seizure hearing. The complaint further alleged that the Clerk and the Sheriff were the officials empowered by statute to carry out the execution and levy. In their answers to the original and amended complaints, the county defendants admitted that they were charged by statute with responsibility for issuing and executing writs of execution.

After we had certified the class (doc. 11), plaintiff filed a motion for summary judgment on the issue of the constitutionality of the statutes as written and as executed. The motion was unopposed. We held O.R.C. § 1917 and § 2329 unconstitutional because "the post-judgment execution scheme as authorized by statute and as practiced by the Clermont County Courts, deprive the plaintiff and all judgment debtors who own personal property subject to execution in Clermont County, Ohio of their property without due process of law in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution." 584 F.Supp. 730, 734.

Following the entry of judgment on April 26, 1984 (doc. 20), we held a hearing on the reasonableness of plaintiff's petition for attorney's fees pursuant to 42 U.S.C. § 1988. In our Order finding reasonable a fee award of $4,925.90, we noted that county defendants had filed a motion to hold the State of Ohio liable for these fees. We stated that plaintiffs were entitled to their fee award from named defendants, but that we would consider county defendants' motion to assess fees against the state.

It is undisputed that the Attorney General of Ohio was served with a copy of the complaint as required by O.R.C. § 2721.12. It is also undisputed that the Attorney General was not served with the answers, nor did he participate in discovery. He was served with a copy of plaintiff's motion for partial summary judgment, but was not informed that county defendants had chosen not to oppose the motion. The Attorney General was unaware of our decision on the motion and of the hearing on attorney's fees. He states in his amicus brief that he had no knowledge of the status of the case until June 4, 1984 when he received a copy of the county defendants' motion to assess attorney's fees against the state.

The issue before this Court is whether an award of attorney's fees pursuant to § 1988 may be assessed against a state where neither the state nor any state official has been named as defendant or has appeared, neither the state nor its officials intervened, and where no state attorney appeared on behalf of named defendants. The fundamental question is whether a federal district court has the power to order a non-party to pay attorney's fees.

County defendants advance two arguments. First, they contend that the legislative history of § 1988 demonstrates that Congress intended for the party enacting legislation found to be constitutionally defective to bear the attorney fee costs, whether or not the state is joined as a party. Second, arguing that they acted as agents of the State of Ohio in that they were merely enforcing statutes enacted by the state as they are required to do under law, county defendants conclude that the state should be held responsible for attorney's fees.

County defendants refer us to the statement in the legislative history of § 1988 that "attorney fees ... will be collected either directly from the official, in his official capacity, from funds of his agency or under his control, or from the state or local government (whether or not the agency or government is a named party). Sen.Rep. No. 94–1011, 94th Cong., 2d Sess. at 5; *reprinted in* 1976 U.S.Code Cong. & Ad. News, 5908, 5913. Defendants point out that § 1988 was enacted not merely to attract competent attorneys to civil rights

against her. The parties negotiated a settlement as to the damages issue.

litigation, but also to act as a deterrent to future constitutional violations. Defendants also refer us to a number of cases, including *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Barrett v. Thomas,* 649 F.2d 1193, 1198 (5th Cir. 1981); and *Williams v. Alioto,* 625 F.2d 845 (9th Cir.1980), in which attorney's fees were assessed against an entity that was not named as a party.

We agree with defendants that one purpose of § 1988 is to deter future constitutional violations. However, we disagree with their reading of the legislative history and case law. There are numerous cases in which attorney's fees were assessed against an agency or entity that was not named as a party, but in each case, including those relied upon by county defendants, the named defendant was an official or director of the agency or state or local government entity against which attorney's fees were assessed. It is apparent to us that the language "whether or not the agency or government is a named party" refers to the practice of naming the head of the agency rather than the agency itself as a defendant. That language in no way empowers the Court to order a non-party to pay attorney's fees.

Defendants insist, however, that O.R.C. § 2721.12 gives the Court the authority to order the state to pay fees even though the state has not been named as a defendant. That section identifies the parties necessary in an action for declaratory relief. It also states that the Attorney General "shall also be served with a copy of the proceeding and shall be heard" in any action alleging the unconstitutionality of a state statute.

There is no dispute that § 2721.12 requires that the Attorney General be served with a copy of the complaint, or that the requirement was satisfied. As a preliminary matter, we observe that § 2721.12 governs proceedings in state courts. It, therefore, cannot function to expand the power of the federal court. Furthermore, we conclude that the effect of the statute is to give the Attorney General the discretion,

but not the duty, to defend every action alleging the unconstitutionality of a state statute.

We read the language "shall be heard" to require the Court to permit the Attorney General to intervene if the Attorney General so chooses. Defendants, however, contend that the language automatically renders the state a party to any action challenging the unconstitutionality of a state statute. There are no cases so interpreting § 2721.12. Moreover, there is no sound policy reason for requiring the Attorney General to defend in every single action in which the defense of good faith reliance on state statutes is raised, even though neither the state nor state officials are named as defendants, particularly in light of the provision in O.R.C. § 309.09, requiring the county prosecuting attorney to defend any county defendant named in a civil rights action.

The county defendants also argue that the deterrent purpose of § 1988 is undercut if the state is not required to pay attorney's fees in a case in which a state statute has been held unconstitutional. They point out that the county, unlike the state, has no power to remedy the unconstitutional statutes. Despite the logical appeal of this argument, we cannot conclude that it is a sufficient basis for assessing fees against a non-party.

Defendants also argue that the state is the proper source of attorney fees as the county acts only as an agent of the state insofar as it enforces statutes enacted by the General Assembly. We recognize that in Ohio counties are merely political subdivisions of the state. *Western Pennsylvania National Bank v. Ross,* 345 F.2d 525, 526 (6th Cir.1965). We also recognize that the statutes at issue here are general statutes, and that the Ohio Constitution mandates that all general laws have a uniform operation throughout the state. Article 2, Section 26, Ohio Constitution. We recognize further that, accordingly, neither the Sheriff nor the Clerk have any authority to modify the statutes at issue or to act other than in conformance with the statutes.

However, county defendants had the right to file a third-party complaint against the state, thereby requiring the state to come in and defend. They chose not to do so. Defendants have cited us to no case, nor have we found any authority for holding the state liable for attorney's fees under § 1988 merely because the named defendants raise as a defense that they were acting in compliance with state law. To the contrary, the Eleventh Circuit has recently adopted the rule that a governmental entity, even if otherwise immune from liability under 42 U.S.C. § 1983, must be joined for purposes of the attorney's fees determination before it may be held liable for attorney's fees. *Glover v. Alabama Department of Corrections,* 734 F.2d 691 (11th Cir.1984).

The Attorney General also refers us to the recent case of *Jordan v. Dorsey,* 587 F.Supp. 282 (E.D.Pa.1984). In that case, the Court held unconstitutional defendants' practice of filing, entering, and executing upon confessed judgments without providing an opportunity for a pre-judgment entry challenge by low income tenants as to whether the waiver was knowingly and intelligently given. Defendants maintained that they should not be liable for attorney's fees as they were merely performing ministerial duties in compliance with Pennsylvania Rules of Civil Procedure. The Court found otherwise, holding that good-faith compliance with state law does not immunize a defendant from liability for attorney's fees.

Although defendants in *Jordan* apparently did not argue that the state was the proper person against whom attorney's fees should be assessed, the Court's reasoning is applicable to the case at bar. The Court relied upon the Supreme Court's statement in *Virginia v. Consumers Union of the United States,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), that awarding fees against an enforcement agency is not unfair. The county defendants in the present action, like the defendants in *Consumers Union* and *Jordan,* were acting in an enforcement role. We conclude, therefore, that it is not unfair to assess attorney's fees against them, rather than against the state.

Accordingly, we find that county defendants' motion to assess attorney's fees against the State of Ohio should be and hereby is denied. Pursuant to our earlier order in which we found an award of $4,925.90 reasonable, we hereby order defendants to pay attorney's fees in that amount.

SO ORDERED.