Francis J. LOFTUS, Plaintiff,

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Transport Workers Union Of Philadelphia, Local 234, Defendants.

Civ. A. No. 93–2471.

United States District Court, E.D. Pennsylvania.

Feb. 9, 1994.

H. Francis deLone, Jr., Philadelphia, PA, for plaintiff.

Nicholas J. Staffieri, Septa Legal Dept., Philadelphia, PA, Robert W. Kosman, Brodie, Techner, Rubinsky & Ford, Philadelphia, PA, for defendants.

## MEMORANDUM

ROBRENO, District Judge.

Before the Court is the issue of what amount of factual detail and degree of particularity must be pled to state a cause of action for conspiracy to violate 42 U.S.C. § 1983 in the wake of the Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (holding that § 1983 actions against a municipality cannot be held to a heightened standard of specificity).

Plaintiff Francis J. Loftus ("Loftus") brings the instant action under § 1983, alleging that his former employer, defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"), and the union to which he belonged, defendant Local 234 of the Transport Workers Union of Philadelphia ("Local 234"), conspired to deprive him of his employment at SEPTA without due process

of law. Each of the defendants has filed a motion to dismiss the complaint for failing to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The Court has reviewed the motions, and plaintiff's responses thereto, and will now grant both of the motions for the reason that plaintiff has failed to give defendants fair notice of his allegation of conspiracy.

## I. BACKGROUND

■ Loftus claims that he was improperly discharged from SEPTA after he allegedly tested positive for alcohol. Loftus contends that the result of the test was inaccurate. *See* Pl.'s Complaint ¶¶ 6–9. SEPTA and Local 234 are parties to a collective bargaining agreement, and Loftus was a member of the bargaining unit. The collective bargaining agreement provides for a four-level grievance procedure culminating in arbitration at the union's discretion. *See* Def. SEPTA's Mot. to Dismiss exhibit A (copy of the collective bargaining agreement).[1] After Loftus's discharge, Local 234 filed a grievance on behalf of Loftus that was unsuccessful through the third level of the grievance process. The union chose not to take Loftus's grievance to arbitration. *See* Pl.'s Complaint ¶ 11. Loftus claims that the union did not adequately represent him in processing the grievance. More specifically, and of more relevance to his § 1983 claim, Loftus alleges that officials in Local 234 acted in concert with officials in SEPTA to deprive him of his position without a fair hearing. *See id.* ¶ 15. Loftus contends that the union's failure to demand an arbitration hearing, its failure to represent him vigorously during the grievance proceedings, and "SEPTA's concealment of evidence showing its test to be unreliable," *id.* ¶ 16, deprived him of his job with SEPTA without a fair hearing, in violation of the Fourteenth Amendment. *See id.* ¶¶ 18–19.

## II. DISCUSSION

■ Plaintiff is proceeding under 42 U.S.C. § 1983.[2] To establish a claim under § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution or the laws of the United States by a person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978); *Tunstall v. Office of Judicial Support of the Court of Common Pleas*, 820 F.2d 631, 633 (3d Cir.1987). The motions to dismiss the complaint implicate the second part of the test, i.e., whether the plaintiff has adequately pled that the defendants acted under color of state law in conspiring to deprive plaintiff of his employment with SEPTA.[3] Though SEPTA is clearly a state actor, *see Crilly v. SEPTA*, 529 F.2d 1355, 1357 (3d Cir.1976), Local 234 is not, and is thus not subject to suit under § 1983 unless state action is imputed to it through its alleged concerted action with SEPTA, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970). Thus, unless plaintiff has adequately pled that Local 234, a non-state actor, *conspired* with

1. With its motion, SEPTA included a copy of the collective bargaining agreement in force between it and Local 234 during Loftus's tenure as a SEPTA employee. Barring exclusion by the Court, this attachment could possibly convert the motion to dismiss into one for summary judgment. *See* Fed.R.Civ.P. 12(b). Under the Third Circuit's recent opinion in *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, however, the Court may consider the agreement, notwithstanding its introduction into the record via the motion to dismiss, since Loftus's claim is based on the agreement. *See* 998 F.2d 1192, 1196 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994).

2. The statute, in pertinent part, reads as follows: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983.

3. For purposes of the motion, the Court will treat the plaintiff as having a constitutionally protected property interest in his position. *See Sanguigni v. Pittsburgh Bd. of Pub. Educ.*, 968 F.2d 393, 401 (3d Cir.1992) (holding that a public employee who may only be terminated for cause has a property interest in his position that is protected by the 14th Amendment).

SEPTA, a state actor, a § 1983 action cannot be maintained against both.

A motion to dismiss for failure to state a claim serves to test the sufficiency of a complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). A plaintiff's allegations are considered true and are construed in the light most favorable to him, *see Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989), and his complaint should not be dismissed "unless it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Until the recent Supreme Court decision in *Leatherman v. Tarrant County*, it was the law in this circuit that a complaint alleging violations of § 1983 was subject to a requirement of heightened specificity beyond the general notice pleading requirement provided by Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See, e.g., McArdle v. Tronetti*, 961 F.2d 1083, 1089 (3d Cir.1992); *Colburn v. Upper Darby Township*, 838 F.2d 663, 666–67 (3d Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989); *District Council 47 v. Bradley*, 795 F.2d 310, 313 (3d Cir.1986) ("[I]t is undisputed that this court has established a higher threshold of factual specificity for civil rights complaints."); *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir.1980); *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir.1976). As described by the Fifth Circuit Court of Appeals, "under the heightened pleading standard, a complaint must allege with particularity all material facts establishing a plaintiff's right of recovery." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 954 F.2d 1054, 1055 (5th Cir.1992), *rev'd*, —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The Supreme Court unanimously rejected this standard, finding it irreconcilable with the notice pleading provisions of Rule 8(a)(2). *See Leatherman*, —— U.S. at ——, 113 S.Ct. at 1163. The Supreme Court noted that the Federal Rules of Civil Procedure impose a particularity requirement in only two specific instances, fraud or mistake. *See id.;* Fed. R.Civ.P. 9(b).

Under the "allocation of authority established by the three-tier system of federal courts," *Casey v. Planned Parenthood*, 14 F.3d 848, 856 (3d Cir.1994) (internal quotations omitted), this Court is obliged to follow Third Circuit precedent unless that precedent has been overruled by the court of appeals sitting in banc or by an opinion of the Supreme Court that overrules the precedent. *See Hammond v. Commonwealth Mortgage Co. of Am., L.P. (In re Hammond)*, 156 B.R. 943, 947–48 (E.D.Pa.1993) (Reed, J.) (citing cases). Though the Court must attempt to reconcile where possible a conflict between the decisions of the Supreme Court and the Third Circuit, *see, e.g., Jacob v. SmithKline Beecham*, 824 F.Supp. 552, 558 n. 12 (E.D.Pa.1993) (declining to hold that *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir.1992), had been overruled by *District of Columbia v. Greater Washington Board of Trade*, —— U.S. ——, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992)), it is bound to recognize when a Third Circuit precedent has been squarely overruled by an opinion of the Supreme Court. *Leatherman* is such a case. Though *Leatherman* dealt specifically with a § 1983 claim against a municipality, the *ratio decidendi* of the case reaches beyond claims against municipalities. As the Court stated in analyzing the Fifth Circuit's heightened standard:

> We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules.... In the absence of ... an amendment [to Rules 8 and 9], federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.

*Leatherman*, —— U.S. at ——, 113 S.Ct. at 1163. The Court is obliged to follow both the *result* reached by the Supreme Court (§ 1983 claims against municipalities cannot be held to a standard of heightened specificity) as well as the *rule* used in arriving at the result (all causes of action except those identified in Federal Rule of Civil Procedure 9 are to be tested by the pleading standard of Federal Rule of Civil Procedure 8). *See Planned Parenthood v. Casey*, 947 F.2d 682, 691–92

(3d Cir.1991) (examining the doctrine of *stare decisis* ), *aff'd in part and rev'd in part on other grounds,* —— U.S. ——, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992); *Piazza v. Major League Baseball,* 831 F.Supp. 420, 437–38 (E.D.Pa.1993) (applying the *stare decisis* rules of *Planned Parenthood* in a non-constitutional case); *cf. Flood v. Kuhn,* 407 U.S. 258, 282–84, 92 S.Ct. 2099, 2111–13, 32 L.Ed.2d 728 (1972) (rejecting the rule, i.e., professional baseball is not engaged in interstate commerce, but not the result established by the Supreme Court's prior rulings on major league baseball's antitrust exemption). Therefore, applying the rule established by *Leatherman,* I conclude that a § 1983 claim, with the possible exception of actions brought against individual government officials, *see infra* note 6 (issue expressly left open by the Supreme Court in *Leatherman* ), must meet only the pleading requirements of Rule 8(a)(2) and is no longer subject to prior circuit law requiring the claim to be tested against a "heightened pleading standard." [4]

This conclusion is not inconsistent with the recent decision by a panel of the Court of Appeals for the District of Columbia Circuit in *Kimberlin v. Quinlan,* 6 F.3d 789 (D.C.Cir.1993). In *Kimberlin,* the defendants' motions for summary judgment on the grounds of qualified immunity were denied by the lower court. *See* 6 F.3d at 790–91. On interlocutory appeal, the court of appeals reversed, finding that the plaintiff had not met the heightened pleading standard established by circuit law. *See id.* at 795. In analyzing the continuing viability of the heightened pleading standard, the court of appeals distinguished *Leatherman* on two grounds: (1) because the Supreme Court had "not addressed heightened pleading in individual capacity suits," *id.* at 794 n. 9; *see Leatherman,* —— U.S. at ——, 113 S.Ct. at 1162 ("We ... have no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials."), the circuit precedent requiring such pleading was unaffected; and (2) the *Leatherman* case dealt with a heightened pleading standard when evaluating a motion to dismiss, where the *Kimberlin* case dealt with a "heightened standard of production at the summary judgment stage," *Kimberlin,* 6 F.3d at 794 n. 9.[5]

Neither of these two grounds for distinguishing *Leatherman* is applicable in the instant case, since no defense of qualified immunity is raised here, nor is the case in a summary judgment posture. Therefore, *Kimberlin* is simply inapplicable.[6]

---

4. Most courts in the district, in fact, appear to have read *Leatherman* to have eliminated the requirement of "heightened specificity" in all § 1983 actions including those against individual government officials, albeit without much discussion. *See, e.g., Holloway v. Watson,* Civ. A. No. 93–4436, 1993 WL 328589, at *1 (E.D.Pa. Aug. 27, 1993); *Piazza,* 831 F.Supp. at 428 (holding that, under *Leatherman,* "a federal court may not apply a pleading requirement more stringent than that provided for in the Federal Rules of Civil Procedure, even in § 1983 litigation"); *Lassiter v. Kalp,* Civ. A. No. 93–1176, 1993 WL 283876, at *1 & n. 1 (E.D.Pa. July 26, 1993); *Sandomer ex rel. Johnson v. Lancaster County Children & Youth Social Serv. Agency,* Civ. A. No. 92–7135, 1993 WL 245280, at *1 (E.D.Pa. July 2, 1993) ("*Leatherman* casts doubt upon the Third Circuit's heightened pleading standard for section 1983 claims."). *Contra Allen v. McKee,* Civ. A. No. 92–6361, 1993 WL 131431, at *2–*5 (E.D.Pa. Apr. 22, 1993) (applying the "heightened specificity" requirement to civil rights claims brought against various individual defendants, but not to a claim brought against a municipality).

5. The opinion in *Kimberlin* was delivered over a lengthy, well-reasoned dissent by Judge Edwards, in which he criticized the majority's arguments in distinguishing *Leatherman, see Kimberlin v. Quinlan,* 6 F.3d 789, 804 n. 5 (D.C.Cir. 1993) (Edwards, J., dissenting), and argued that *Leatherman* calls into doubt any heightened pleading standard, *see id.* at 799 (Edwards, J., dissenting) ("[T]he rationale underlying the decision in *Leatherman*—that standards of 'heightened pleading' are *fundamentally incompatible* with Fed.R.Civ.P. 8(a)—casts doubt on the validity of *any* judge-made 'heightened pleading' standard imposed in *any* context."). Though *Kimberlin* also produced a concurring opinion on the issue of the type of evidence a plaintiff must produce, direct versus circumstantial, *see id.* at 798–99 (Williams, J., concurring), that portion of the opinion discussing *Leatherman* was joined by two of the three judges on the panel.

6. Since the instant case is not an individual capacity action, the Court need not reach the issue raised in *Kimberlin,* i.e., whether a heightened pleading standard is still required in individual capacity lawsuits. At least one Court in

■ Having decided that plaintiff's complaint is not subject to a heightened pleading requirement, I must now determine "whether the allegations [of the complaint] constitute a statement of a claim under Rule 8(a)." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1357, at 304 (1990). Rule 8(a)(2) requires that the pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see Conley*, 355 U.S. at 47, 78 S.Ct. at 102. The central purpose of Rule 8(a)(2) is to give the defendant fair notice of what claim is being pressed against him so that he can make an adequate response. *See Conley*, 355 U.S. at 47, 78 S.Ct. at 102; 5 Wright & Miller, *supra*, § 1202 ("The only function left to be performed by the pleadings alone is that of notice."). The determination of what amount of detail will satisfy the "fair notice" requirement of the Rule depends upon an analysis of the substantive claim that a plaintiff seeks to prove. *See* 5 *id.* § 1217 (noting that the nature of the action must be considered in determining "what constitutes a short and plain statement"). To put it another way, the more substantively complex the cause of action, the greater the mandate for detail under the Rule.[7]

It has long been the rule in this circuit that a complaint alleging a conspiracy " 'must contain sufficient information for the court to determine whether or not a valid claim for relief has been stated and to enable the opposing side to prepare an adequate responsive pleading.' " *Rose v. Bartle*, 871 F.2d 331, 366 n. 60 (3d Cir.1989) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1223, at 181).[8] Specifically:

> The plaintiffs must plead with particularity the "circumstances" of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are charged. Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient.... [A]n inference [of conspiracy] ... from the Complaint ... [is] no substitute for the requirement that

---

the district, however, has found that a § 1983 action against a municipal official should be governed by the same standard established by *Leatherman* for actions against municipalities. *See Timmons v. Cisneros*, Civ. A. No. 93–1854, 1993 WL 276863, at *1 (E.D.Pa. July 22, 1993) (Yohn, J.) ("Although the Supreme Court has had 'no occasion to consider whether [its] qualified immunity jurisprudence would require a heightened pleading in cases involving government officials,' the rationale of *Leatherman* would appear to apply equally to the case of an official employed by a municipality.").

7. For example, while to satisfy Rule 8 requirements a complaint for money lent need only allege the amount owed the plaintiff and the date the money was lent to the defendant, *see, e.g., McNeil Constr. Co. v. Livingston State Bank*, 265 F.2d 308, 310 (9th Cir.1959); Fed.R.Civ.P. form 6, a civil RICO complaint must allege all the constituent elements of a RICO claim, *see Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir.1983) (interpreting 18 U.S.C. § 1962), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); *accord Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1165–66 (3d Cir.1989).

8. As the Third Circuit stated more than fifty years ago:

A general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action. Although detail is unnecessary, the plaintiffs must plead the facts constituting the conspiracy, its object and accomplishment.

*Black & Yates, Inc. v. Mahogany Ass'n, Inc.*, 129 F.2d 227, 231 (3d Cir.1941), *cert. denied*, 317 U.S. 672, 63 S.Ct. 76, 87 L.Ed. 539 (1942). Although *Black & Yates* involved allegations under the Sherman and Clayton Acts, the rule enunciated in the case has been applied to civil conspiracies in general. *See, e.g., Shearin*, 885 F.2d at 1166 (conspiracy to violate the RICO statutes); *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir.1989) (conspiracy to violate the RICO statutes); *Kalmanovitz v. G. Heileman Brewing Co.*, 595 F.Supp. 1385, 1400 (D.Del.1984), *aff'd*, 769 F.2d 152 (3d Cir.1985) (conspiracy to violate securities laws).

Though some of the reported cases dealt with conspiracy to defraud, thus arguably being subject to the particularity requirements of 9(b), *see, e.g., Shearin* and *Kalmanovitz*, the requirement of factual specificity in pleading a conspiracy has been applied in non-fraud cases, *see, e.g., Rose*, 871 F.2d at 359, 366–67 (conspiracy to remove a person from public office through bribery and extortion); *Black & Yates*, 129 F.2d at 231 (violation of Sherman and Clayton Acts).

the circumstances of the conspiracy be pleaded with specificity.

*Rose,* 871 F.2d at 366 (quoting *Kalmanovitz v. G. Heileman Brewing Co.,* 595 F.Supp. 1385, 1401 (D.Del.1984)); *accord Shearin v. E.F. Hutton Group, Inc.,* 885 F.2d 1162, 1166 (3d Cir.1989) ("To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose.") (citing *Kalmanovitz* ).

This pleading requirement was recently applied in *Rose v. Bartle.* In *Rose,* the lower court, *inter alia,* had dismissed a RICO conspiracy count on the basis of inadequate factual detail. *See* 871 F.2d at 365. The Third Circuit reversed, finding that the complaint identified the individuals who made the agreement, alleged the specific time frame involved, and listed the " 'specific' or 'particular' acts comprising the alleged conspiracy and ... outline[d] them in some detail." *Id.* at 367. Therefore, the court found "[t]hese factual allegations [to be] sufficiently specific and precise to give 'fair notice' to the defendants" under Rule 8.[9] *Id.* at 366.

■ *Rose* highlights the inadequacy of the complaint in this case. While the *Rose* plaintiff named exactly who was alleged to have entered into the alleged conspiracy, the instant complaint alleges that "unknown management and personnel and policymakers for SEPTA ... [and] unknown officers or employees of Local 234," Pl.'s Complaint ¶ 15, "acted in concert" and were "acting together" to deprive plaintiff of employment at SEPTA. Not even the title or supervisory level of the agents or employees of the defendants who allegedly entered into the agreement are stated in the complaint. *See, e.g.,*

*Frazier v. Southeastern Pa. Transp. Auth.,* 785 F.2d 65, 70 (3d Cir.1986) (noting that a failure to name the supervisors who aggrieved a plaintiff still gives the defendant sufficient notice where the identity of the supervisors can be readily ascertained from the defendant's records). Moreover, while the *Rose* complaint identified specific instances of concerted action that supported the allegation of conspiracy, *see, e.g., Rose,* 871 F.2d at 359–63 (discussing the plaintiff's allegations of bribery and extortion activities by two of the conspirators directed at named individuals), the specific events pled in this complaint, on their face, were undertaken independently of each other by agents or employees of SEPTA and Local 234,[10] and do not suggest either an agreement, *inter se,* or the type of "communication, consultation, cooperation, or command from which such an agreement can be inferred." *Flanagan v. Shively,* 783 F.Supp. 922, 928 (M.D.Pa.), *aff'd mem.,* 980 F.2d 722 (3d Cir.1992). Parallel but independent action by separate actors does not import conspiracy. Finally, no time period during which the conspiracy occurred is alleged in the complaint.

■ In conclusion, the allegations of this complaint are not sufficiently "specific" or "particular", *Rose,* 871 F.2d at 367, to put defendants on notice as to who in their respective organizations agreed to do what, when, and in what form to plaintiff. While the pleading standard under Rule 8 is a liberal one, mere incantation of the words "conspiracy" or "acted in concert" does not talismanically satisfy the Rule's requirements. Because plaintiff's complaint fails to give defendants fair notice of the plaintiff's allegations, the defendants' motions to dismiss will be granted.[11]

---

9. The court had already concluded that allegations of conspiracy were to be evaluated under Rule 8, not Rule 9. *See Rose,* 871 F.2d at 366 (" '[A]llegations of conspiracy are not measured under the ... 9(b) standard, which requires greater particularity of allegation of fraud, but are measured under the more liberal ... [8(a)] pleading standard.' ") (quoting *Odesser v. Continental Bank,* 676 F.Supp. 1305, 1313 (E.D.Pa. 1987)).

10. Loftus alleges that he was deprived of a fair hearing when Local 234 failed to represent him

vigorously in the grievance proceedings and failed to demand arbitration. SEPTA, by contrast, is charged with concealing evidence showing its test to be unreliable. *See* Pl.'s Complaint ¶ 16.

11. Defendant Local 234 argues in its motion that the complaint fails to plead adequately state action by the union. Since the failure to plead adequately the conspiracy between the defendants disposes of the complaint, the Court does not decide whether or not an adequately pled conspiracy would be sufficient to establish state

 Requiring that a complaint alleging conspiracy flesh out in some detail the nature of the scheme does not run afoul of the admonition in *Leatherman* that Rule 8(a)(2) "mean[s] what it [says]" in requiring only a "short and plain statement of the claim." *Leatherman,* — U.S. at ——, 113 S.Ct. at 1163; *see, e.g., Arunga v. AIPAC,* Civ. A. No. 93–24, 1993 WL 294074, at *2 (E.D.Pa. July 29, 1993) (post-*Leatherman* ) ("When a plaintiff is pleading conspiracy, stringent pleading requirements apply to the allegations."). Rather, in the context of a conspiracy, the "short and plain statement" provision of Rule 8 is satisfied only if the defendant is provided with the degree of particularity that animates the fair notice requirement of the Rule. *See Conley,* 355 U.S. at 47, 78 S.Ct. at 103.

 The complaint, however, will be dismissed without prejudice, with the plaintiff granted leave to refile an amended complaint within thirty days in conformity with this Memorandum. *See Rotolo,* 532 F.2d at 923 ("To accomplish the dual objectives of weeding out frivolous cases and keeping federal courts open to legitimate civil rights claims, courts should allow liberal amendment of civil rights complaints under Fed.R.Civ.P. 15(a)."); *Shoop v. Dauphin County,* 766 F.Supp. 1323, 1325 (M.D.Pa.1990) (applying *Rotolo* in a non-*pro se* case).

An appropriate order shall be entered.

### ORDER

AND NOW, this 9th day of February, 1994, for the reasons stated in the accompanying Memorandum, the Motion to Dismiss by defendant Southeastern Pennsylvania Transportation Authority (Doc. No. 5) and the Motion to Dismiss by defendant Transport Workers Union of Philadelphia, Local 234, (Doc. No. 9) are **GRANTED.** The complaint is **DISMISSED WITHOUT PREJUDICE.** The plaintiff is granted leave to file

action on the part of the union. *Compare Lyon v. Temple Univ.,* 507 F.Supp. 471, 477 (E.D.Pa. 1981) (finding that a § 1983 complaint sufficiently pled concerted action between Temple University and the bargaining unit for the school's professors where the two organizations had agreed on contractual provisions that were alleg-

an amended complaint within thirty days in conformity with the Court's Memorandum.

AND IT IS SO ORDERED.

edly discriminatory) *with Jackson v. Temple Univ.,* 721 F.2d 931, 933 n, 1 (3d Cir.1983) (noting an inability, shared with the district court, to find any case "recogniz[ing] a section 1983 action where a union has refused to take to arbitration an employee's claim against a public employer").