**Mitchell CAPLAN, Plaintiff,**

v.

**INTERNATIONAL FIDELITY
INSURANCE COMPANY,
Defendant.**

No. 94 C 6814.

United States District Court,
N.D. Illinois,
Eastern Division.

May 8, 1995.

Judith Anne Halprin, Richard A. Halprin, Chicago, IL, for plaintiff.

Anton Ronald Valukas, William A. Von Hoene, Jr., Jenner & Block, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff Mitchell Caplan brings this diversity suit against defendant International Fidelity Insurance Company ("IFIC"). Plaintiff owns 53,000 shares of IFIC stock. Plaintiff's five-count complaint alleges breach of fiduciary duty (Count I), conspiracy (Count II), fraud (Count III), and intentional infliction of emotional distress (Count IV), and asserts an oppressed minority shareholder action (Count V).

Before the court is defendant's motion for summary judgment or, in the alternative, motion to dismiss Counts II, III and IV of plaintiff's Amended Complaint.

### I. BACKGROUND

Plaintiff Mitchell Caplan alleges that he purchased 53,000 shares of IFIC stock in 1968, and that defendant IFIC wrongfully attempted to divest plaintiff of his ownership interest in the stock. Plaintiff alleges that defendant's plan included a bogus offer to purchase the stock, and use of a third party to falsely assert ownership interest in the stock.

In reaction to defendant's alleged actions, plaintiff Caplan filed suit in Cook County, Illinois, circuit court on February 4, 1994. Initially, plaintiff named IFIC and three individuals as defendants. Plaintiff sought a declaratory judgment that he owned the 53,000 shares of IFIC stock (Count I), and money damages for an alleged conspiracy to defraud him of his ownership interest (Count II). The state court dismissed the three party defendants, and granted remaining defendant IFIC's motion to strike Count II. The state court afforded plaintiff an opportunity to amend Count II of his complaint. Plaintiff chose not to amend at that time.

On September 9, 1994, the state court granted summary declaratory judgment on Count I naming plaintiff as the sole and exclusive title holder of the 53,000 shares of IFIC stock. *Mitchell Caplan v. International Fidelity Insurance Company, et al.*, Docket No. 94 CH 1137. Following a hearing on December 20, 1994, the state court granted plaintiff's amended motion for voluntary nonsuit of Count II. In addition, the state court denied defendant's motion to dismiss Count II with prejudice.

### II. DISCUSSION

A. *Motion for Summary Judgment*

Defendant IFIC's primary contention is that the doctrine of res judicata applies to bar all proceedings in this action, and on that basis defendant moves for summary judgment. *See* FED.R.CIV.P. 56. Defendant argues that the September 9 Order constituted a final judgment on the merits. Defendant asserts that the cause of action in this suit is identical to the cause of action in the state suit.

This court applies the res judicata rules of Illinois to determine the preclusive effect of the September 9 Order issued by the Illinois state court. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982) (applying 28 U.S.C. § 1738). The doctrine of res judicata provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Under Illinois law, the elements of res judicata are: (1) identity of parties in the two suits; (2) identity of causes of action in the two suits; and (3) a final judgment on the merits of the earlier suit. *Welch v. Johnson*, 907 F.2d 714, 720 (7th Cir.1990).

Plaintiff Caplan may assert his claims in this court because the state court expressly reserved his right to maintain a subsequent suit. *See Torres v. Rebarchak*, 814 F.2d 1219, 1223–26 (7th Cir.1987) (anticipating that Illinois law of splitting of claims would include Restatement (Second) of Judgments § 26, providing that plaintiff may split

his claim if court in first action has expressly reserved plaintiff's right to maintain second action); *Merrifield v. Beaven/Inter–American Cos.,* No. 89 C 8436, 1992 WL 193553, at *3 (N.D.Ill. Aug. 3, 1992) (applying the rationale of *Torres* in denying defendant's motion for summary judgment based on the doctrine of res judicata).

■ The Illinois state court manifested its intention to allow plaintiff Caplan to refile his voluntarily dismissed claim in two ways. First, the language of a December 20, 1994, Order indicates the state court's decision to dismiss without prejudice. The Order provides, "For the reasons stated in open court defendant's motion to dismiss with prejudice is denied and plaintiff's amended motion for voluntary non-suit of Count II be and hereby is granted." (*See* Defendant's 12(m) Statement Ex. B.) It is well-settled in Illinois law that voluntary nonsuit does not bar another action for the same cause if the second action is timely filed, therefore the circuit judge was preserving a future right. *See* 735 ILCS 5/2–1009; *Baird & Warner v. Addison Indus. Park,* 70 Ill.App.3d 59, 74, 26 Ill.Dec. 1, 15, 387 N.E.2d 831, 844 (1st Dist.1979).

Second, during oral argument leading up to the December 20 Order, the state court judge expressed its intended effect. He stated,

> I don't think that the fact that the party fails to file an amended complaint gives this Court the authority to dismiss the case with prejudice.
>
> At the best, when a plaintiff is given leave to amend a complaint and doesn't amend, as I understand the law, what's really happening is I have the position of dismissing—it's a dismissal for failure to comply. In other words, it's not a dismissal with prejudice.

(*See* Plaintiff's Memo. in Opp. Ex. 2 at 14–15.)

The state court reserved plaintiff's right to refile his claims. Consequently, defendant IFIC's motion for summary judgment is denied.

**B.** *Motion to Dismiss*

Defendant IFIC's alternative contention is that plaintiff's Counts II, III and IV should be dismissed for failure to allege sufficient facts. *See* Fed.R.Civ.P. 12(b)(6).

■ On a Rule 12(b)(6) motion, this Court is to focus on allegations in the Amended Complaint. *Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988). Specifically, the court "must accept as true all the plaintiff's well-pleaded factual allegations and inferences reasonably drawn from them." *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir.1992). Plaintiff is required to set forth a "short and plain statement of the claim" showing that he is entitled to relief. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (holding that heightened pleading standards contravene the general liberal system of notice pleading). Plaintiff's claim may only be dismissed if it appears beyond doubt that he "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted).

**1.** *Fraud*

■ Defendant IFIC challenges the sufficiency of plaintiff's fraud claim (Count III). To establish a claim for fraud under Illinois or New Jersey law,[1] plaintiff must have alleged: (1) that IFIC made a false statement of material fact; (2) knowing it was false; (3) with intent to induce plaintiff Caplan to rely upon it; (4) and that plaintiff reasonably relied on the misrepresentation (5) to his detriment or damage. *See, e.g., Redarowicz v. Ohlendorf,* 92 Ill.2d 171, 185–86, 65 Ill.Dec. 411, 418, 441 N.E.2d 324, 331 (1982); *R.A. Intile Realty Co. v. Raho,* 259 N.J.Super. 438, 475, 614 A.2d 167, 186 (1992).

■ Plaintiff alleges that defendant IFIC made false statements denying plaintiff's ownership interest in the 53,000 shares

---

1. It is unnecessary to analyze Illinois conflict-of-law rules on this motion because the Illinois and New Jersey law governing plaintiff's claims, inasmuch as it affects this motion, are substantially similar.

of IFIC stock. (*See* Amended Complaint ¶¶ 12, 13, 15.) In addition, plaintiff alleges that IFIC falsely alleged a third party's ownership of the stock. (*See id.* ¶ 12.) The liberal standard on a Rule 12(b)(6) motion stretches pleading requirements very far. (The requirements under Federal Rule of Civil Procedure 9(b) bring them in a bit.) But here is an instance where plaintiff has pleaded himself out of court. *See Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992). On the only shell of a fraud claim the court can identify, plaintiff pleads that he himself did not rely on the misrepresentation. (Amended Complaint ¶¶ 12–16.) Plaintiff's fraud count fails on its own terms. What defendant allegedly did may be actionable as another kind of tort, but it was not common law fraud.

Count III is dismissed, and since it is at least possible that an amendment could cure the flaw, the dismissal is without prejudice.

### 2. *Conspiracy*

■ Defendant IFIC also challenges the sufficiency of plaintiff's conspiracy claim (Count II). To state a claim for conspiracy under Illinois or New Jersey law, plaintiff must establish: (1) a conspiracy; (2) an overt act of fraud in furtherance of the conspiracy; and (3) damages. *See, e.g., Bosak v. McDonough*, 192 Ill.App.3d 799, 803, 139 Ill.Dec. 917, 920, 549 N.E.2d 643, 646 (1st Dist.1989); *Morgan v. Union Cty. Bd. of Chosen Freeholders*, 268 N.J.Super. 337, 364, 633 A.2d 985, 998 (1993), *cert. denied*, 135 N.J. 468, 640 A.2d 850 (1994). With the fraud claim failing as a matter of law, the conspiracy-to-defraud claim fails with it.

■ Plaintiff suggests that other conspiracies are alleged. If so, they are alleged in an entirely conclusory fashion. An allegation of a generalized "conspiracy" is not sufficient. *See Loftus v. Southeastern Pa. Transp. Auth.*, 843 F.Supp. 981, 987 (E.D.Pa.1994) ("While the pleading standard under Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements."). Even notice pleading anticipates notice, and no such notice of what cause of action is alleged is provided.

■ Count II is dismissed without prejudice, as plaintiff conceivably could improve upon his conspiracy pleadings in order to withstand final dismissal of the claim.

### 3. *Intentional Infliction of Emotional Distress*

■ Finally, defendant IFIC challenges the sufficiency of plaintiff's claim for intentional infliction of emotional distress (Count IV). To state a claim for intentional infliction of emotional distress under Illinois or New Jersey law, plaintiff must establish: (1) that IFIC's conduct was extreme and outrageous; (2) that plaintiff suffered severe emotional distress; and (3) that IFIC knew severe emotional distress was certain or substantially certain to result. *See, e.g., Piech v. Arthur Andersen & Co.*, 841 F.Supp. 825, 832 (N.D.Ill.1994); *Morgan*, 268 N.J.Super. at 354, 633 A.2d at 993.

■ Plaintiff does not dispute the obstacle he must surmount: alleging conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 702 (7th Cir.1993) (citations omitted). Put differently, the conduct must be "so severe that a reasonable person could not be expected to endure it." *Id.* at 703. Plaintiff himself only argues instances for which defendant is liable merely through a co-conspirator liability theory. If the conspiracy allegations are revised, perhaps this theory can survive. But until then, the allegations fail, and Count V is dismissed without prejudice.

### *CONCLUSION*

Defendant IFIC's motion for summary judgment, or in the alternative to dismiss Counts II, III and IV of plaintiff's Amended Complaint is denied insofar as it seeks summary judgment, and is granted insofar as it seeks dismissal of Counts II, III and IV. Counts II, III and IV are dismissed without prejudice. Plaintiff is allowed ten days to file a second amended complaint should he so

choose, and defendant is allowed ten days thereafter to answer or otherwise plead.