**UNITED STATES of America**

v.

**Allen POWELL, a/k/a, Keith Bates**

**No. CRIM. A. 99–719.**

United States District Court,
E.D. Pennsylvania.

Aug. 10, 2000.

Mitchell E. Zamoff, U.S. Attorney's Office, Philadelphia, PA, for U.S.

MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

 The issue before the court is whether the Supreme Court's recent decision in *Apprendi v. New Jersey* requires the fact of a criminal defendant's prior conviction, which increases the penalty for a crime beyond the statutory maximum, to be charged in the indictment.

On May 8, 2000, the defendant, Allen Powell ("defendant"), pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The statutory maximum term of imprisonment for a violation of § 922(g) is ten (10) years. *See* 18 U.S.C. § 924(a)(2). However, if the defendant's criminal history includes at least three (3) prior convictions for "a violent felony or a serious drug offense, or both," as defined by statute, the court must impose a mandatory minimum term of imprisonment of fifteen (15) years. *See* 18 U.S.C. § 924(e)(1); 18 U.S.C. § 924(e)(2)(A) & (B)(defining "violent felony" and "serious drug offense"). Prior to his guilty plea in this case, defendant had been convicted of at least three (3) "violent felon[ies]" or "serious drug offense[s]." Defendant's prior convictions, however,

were not charged in the indictment to which he pled guilty in this case.

Presently before the court is defendant's objection to the presentence investigation report ("PSI") prepared by the Probation Officer. The PSI concludes that because of defendant's three (3) prior convictions for "violent felon[ies]" or "serious drug offense[s]," he must be sentenced to a term of imprisonment of at least one hundred eighty (180) months, i.e., the fifteen (15) year mandatory minimum term of imprisonment contained in § 924(e)(1). Defendant argues that because his prior convictions were not charged in the indictment, based upon the Supreme Court's recent decision in *Apprendi*, he must be sentenced within the applicable guideline range determined without regard to § 924(e)(1)'s mandatory term of imprisonment.[1]

In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the defendant pled guilty to an indictment charging him with violating 8 U.S.C. § 1362. Section 1362(a) forbids an alien who has been deported from returning to the United States without special permission, and authorizes a maximum term of imprisonment of two (2) years for its violation. Section 1362(b)(2) authorizes a maximum term of imprisonment of twenty (20) years if an alien who has been deported "subsequent to a conviction for commission of an aggravated felony" attempts to reenter the United States without obtaining the required permission. *Almendarez–Torres*, 118 S.Ct. at 1222 (*quoting* 8 U.S.C. § 1362(b)(2)). The defendant had been previously deported subsequent to his conviction for an "aggravated felony."

The defendant argued that because the indictment did not include a charge of his prior aggravated felony conviction, he could not be sentenced to more than two (2) years' imprisonment under § 1362(a). The Court disagreed, upholding the district court's sentence of eighty-five (85) months' imprisonment. Specifically, the Court concluded that § 1362(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist [and] does not define a separate crime. Consequently, neither the statute nor the Constitution require the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Id.* at 1223.

After *Almendarez–Torres*, the Court decided *Apprendi*. In *Apprendi*, the defendant pled guilty to multiple counts of possession of a firearm for an unlawful purpose in violation of a New Jersey statute. The maximum term of imprisonment authorized for the defendant's offenses was ten (10) years per offense. A separate New Jersey statute authorized a maximum term of imprisonment of twenty (20) years' imprisonment if the sentencing judge found by the preponderance of the evidence that the defendant's criminal conduct was racially motivated. The sentencing judge found that Apprendi's conduct was racially motivated, and consequently sentenced him to twelve (12) years' imprisonment. The sentence was upheld by the New Jersey Supreme Court. The Court, however, vacated the defendant's sentence, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 120 S.Ct. 2348, 2362–63 (U.S.N.J.2000).[2]

---

**1.** There is a great disparity between defendant's guideline range depending upon the application of § 924(e)(1). If § 924(e)(1) applies, defendant faces a term of imprisonment of between one hundred eighty (180) and two hundred ten (210) months. If § 924(e)(1) does not apply, defendant faces a significantly

lesser term of imprisonment of between seventy-seven (77) and ninety-six (96) months.

**2.** In *Apprendi*, the Court explicitly did not address whether factors which increase a defendant's sentence beyond the statutory maximum must be charged in the indictment. *Apprendi*, at 2356, n. 3.

The question before the court is whether *Apprendi,* either expressly or impliedly, overruled *Almendarez–Torres.* If it did, since defendant's prior convictions were not charged in the indictment, defendant's sentence is capped by the statutory maximum. On the other hand, if *Almendarez–Torres* was not overruled, defendant may be sentenced beyond the statutory maximum based on his prior convictions.

It is true that, even before *Apprendi,* the Court found that *Almendarez–Torres* "represents at best an exceptional departure from the historical practice [of requiring the jury to determine facts which are necessary to impose a particular punishment]." *Apprendi,* at 2361 (referring to Court's treatment of *Almendarez–Torres* in *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)). It is also true that according to *Apprendi,* "*Almendarez–Torres* [arguably] was incorrectly decided and . . . a logical application of our reasoning [in *Apprendi* ] should apply if the recidivist issue were contested [in this case]." *Id.* at 2362. Finally, it is also true that in *Apprendi,* the Court ultimately concluded that *Almendarez–Torres* was "a narrow exception to the general rule" and was based on its "unique facts." *Id.*

■ Yet, despite the Court's reservations about its continuing validity, the Court chose not to overrule *Almendarez–Torres.* "Needless to say, only [the Supreme Court] may overrule one of its precedents. Until that occurs [*Almendarez–Torres* ] is the law." *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260 (1983)(per curiam); *see also Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 706, 70 L.Ed.2d 556 (1982)(per curiam)("But unless we wish anarchy to prevail within the federal judicial system, a precedent of this court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."). Since *Almendarez–Torres* was plainly addressed, but not overruled by the Supreme Court in *Apprendi,* the court is obligated to apply it in this case.

■ Defendant next points to Justice Thomas' concurrence in *Apprendi,* wherein he confessed error in siding with the *Almendarez–Torres* majority and urged the adoption of a broader rule than that adopted by the majority. *Apprendi,* at 2367–68, 2378–79 (Thomas, J. concurring). According to Justice Thomas, the constitution requires all facts, including the fact of prior conviction, which form the basis for imposing a particular sentence to be treated as elements of the crime, and not as "sentencing factors." *Id.* at 2378–79. Justice Thomas' change of heart is significant in that he supplied one of the five (5) votes in both five (5) to four (4) decisions in *Almendarez–Torres* and *Apprendi.* Relying on Justice Thomas' concurrence, defendant divines that the Court is "poised to [overrule *Almendarez–Torres* ] in the future." Def.'s Sent. Mem. (doc. no. 26), p. 4. Although it is acknowledged that concurrences serve a valid purpose in the American legal system, including providing an additional rationale to support the holding, *see* Aldisert, Ruggero J., *Opinion Writing* 166 (1990), only majority opinions have precedential value. *Id.* Therefore, neither Justice Thomas' lament (regretting joining the majority in *Almendarez–Torres* ) nor his sagacity (urging a broader rule than that adopted by the majority in *Apprendi)* detracts from the binding nature of *Almendarez–Torres* upon this court.

■ Finally, defendant contends that the holding in *Almendarez–Torres* is limited to its facts and should be applied only to cases involving aliens illegally found in the United States. This argument misconstrues the role of Supreme Court precedent in our three tier system of federal jurisprudence. Under this system, lower courts are obligated to follow both the narrow holding announced by the Supreme Court as well as the rule applied by the Court in reaching its holding. *See Casey*

**384**

v. *Planned Parenthood,* 14 F.3d 848, 856–57 (3d Cir.1994)(examining role of Supreme Court precedent); *Loftus v. SEPTA,* 843 F.Supp. 981, 984 (E.D.Pa. 1994)(same); *Piazza v. Major League Baseball,* 831 F.Supp. 420, 437–38 (E.D.Pa. 1993). Indeed, "[o]ur system of precedent or *stare decisis* is ... based on adherence to both the reasoning and result of a case, and not simply the result alone." *Planned Parenthood v. Casey,* 947 F.2d 682, 692 (3d Cir.1991), *aff'd in part and rev'd in part on other grounds,* 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). If the rule were otherwise, the Supreme Court's "limited docket" would limit the Court's authority only to the "handful of cases that reached it." *Id.* at 691. Therefore, in this case, the court is bound to apply both the narrow holding of *Almendarez–Torres,* i.e., prior convictions implicating 8 U.S.C. § 1362(b)(2) are not required to be charged in the indictment, as well as the rule applied in reaching that result, i.e., prior convictions which increase a defendant's sentence beyond the statutory maximum are sentencing factors, not elements of the crime. *Id.*

Because the Supreme Court's recent decision in *Apprendi* did not, either expressly or impliedly, overrule its prior decision in *Almendarez–Torres, Apprendi* does not require the fact of a criminal defendant's prior conviction, which increases the penalty for a crime beyond the statutory maximum, to be charged in the indictment. Therefore, defendant's objection to the PSI is overruled.