**UNITED STATES of America,**

v.

**Fabian HOLGUIN–ENRIQUEZ.**

No. 00–20039–JWL.

United States District Court, D. Kansas.

Oct. 12, 2000.

Brent I. Anderson, Office of United States Attorney, Kansas City, KS, for U.S.

Michael L. Harris, Office of Federal Public Defender, Kansas City, KS, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On October 11, 2000, the court held a sentencing hearing in this case. At the hearing, the court sustained the government's objection to the Presentence Investigation Report (PSIR), relating to the applicability of a 16 level enhancement to defendant's base offense level under United States Sentencing Guideline (USSG) § 2L1.2(b)(1)(A). The court here sets out its reasons for that ruling.

USSG § 2L1.2(b)(1)(A) states that if a defendant was previously deported after a criminal conviction (whether or not the deportation was in response to the conviction) for an aggravated felony (as defined at 8 U.S.C. § 1101(a)(43)), increase by 16 levels. The government contends that defendant's conviction for criminal assault on January 27, 1997 is an aggravated felony under U.S.C. § 1101(a)(43)(F). Subsection (F) defines "aggravated felony" as a crime of violence (as defined in 18 U.S.C. § 16) for which the term of imprisonment is at least one year. 18 U.S.C. § 16(a) defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Paragraph 31 of the PSIR states that defendant was convicted of criminal assault and sentenced to one year incarceration, suspended.

Defendant makes four arguments against the applicability of the enhancement. First, defendant asserts that his conviction for the criminal assault was not valid. Defendant puts forth two reasons

for the invalidity of the assault conviction: (1) the Washington state court that convicted him lacked jurisdiction to do so, and (2) he did not waive his right to counsel. The court rejects both reasons.

■ Defendant argues that if the date of defendant's birth is August 3, 1979, as stated in the PSIR, then defendant was a juvenile when he committed the assault. Because, according to defendant, Washington state juvenile courts are granted exclusive jurisdiction for the prosecution of juvenile offenders, the Washington adult court which convicted him did not have jurisdiction to do so. Clear Tenth Circuit precedent, however, prohibits the court from considering a collateral attack of a prior conviction when applying the Guidelines, unless the collateral attack alleges that the conviction was obtained in complete violation of the right to counsel. *See United States v. Garcia,* 42 F.3d 573, 581 (10th Cir.1994) (prohibiting collateral attack of prior conviction in applying the career offender provision of USSG 4B1.1); *United States v. Simpson,* 94 F.3d 1373, 1380 (10th Cir.1996) (prohibiting collateral attack of prior conviction in calculating defendant's criminal history under USSG 4A1.1); *United States v. Rodriques–Vasquez,* 153 F.3d 729, No. 97–4139, 1998 WL 380507 (10th Cir. July 8, 1998) (prohibiting collateral attack of prior conviction where defendant was convicted under 8 U.S.C. § 1326 and had a prior conviction of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)). If defendant chooses to attack the alleged infirmity in his prior conviction through a writ of habeas corpus, and is successful, "he may then apply for reopening of any federal sentence enhanced by the state sentence." *Garcia,* 42 F.3d at 581 (quoting *Custis v. United States,* 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)).

■ While the court may consider defendant's second attack on the validity of the assault conviction because it involves the right to counsel, the court simply does

not find any merit to defendant's argument. The PSIR states in ¶ 32 that the court records indicate that defendant *was represented* by counsel in his criminal assault charge.[1] If the record of conviction shows that defendant was represented by counsel, the defendant has the burden of impeaching the record. *See Mitchell v. United States,* 482 F.2d 289, 296 (5th Cir. 1973) (citing *Oswald v. Crouse,* 420 F.2d 373 (10th Cir.1969)). Defendant presented no evidence at the sentencing hearing that the record was inaccurate. The court therefore finds defendant's conviction of criminal assault on January 1, 1997 to be a valid conviction of a crime of violence.

■ Defendant's second argument against the 16 level enhancement relates to the requirement imposed by 8 U.S.C § 1101(a)(43)(F) that the crime of violence carry a term of imprisonment of at least one year. Defendant argues that the "term of imprisonment" was not at least one year because defendant's 365 day sentence was suspended. Defendant asserts that, pursuant to Application Note 2 of USSG § 4A1.2, a sentence of imprisonment requires that an individual actually serve time. The Tenth Circuit has rejected this theory in *United States v. Chavez–Valenzuela,* 170 F.3d 1038, 1039 (10th Cir. 1999), finding that the "term of imprisonment" is the sentence imposed by the court, not the time actually served. In *Chavez–Valenzuela,* the defendant argued that "his 'term of imprisonment' was 45 days, his actual time served. He analogize[d] to 'sentence of imprisonment' in USSG § 4A1.2(b)." In rejecting the defendant's argument, the Circuit stated, " § 4A1.2(b)(1) defines 'sentence of imprisonment' for purposes of computing criminal history.... [T]he more appropriate

definition of 'term of imprisonment' can be found at 8 U.S.C. § 1101(a)(48), within the definitional section of Chapter 12—the 'Immigration and Nationality' chapter of Title 8." *Id.* 8 U.S.C. § 1101(a)(48)(B) defines "term of imprisonment" as "the period of incarceration or confinement ordered by a court of law *regardless of any suspension* of the imposition or execution of that imprisonment or sentence in whole or in part." Thus, the court rejects defendant's argument that a "term of imprisonment" must include time served.

■ Defendant's third argument is that, even if his prior criminal assault conviction technically meets the definition of "aggravated felony" under 8 U.S.C. § 1101(a)(43), it cannot support a USSG § 2L1.2(b)(1)(A) enhancement for the prior conviction of an aggravated *felony* if it is a conviction for the violation of a *municipal ordinance.* Every case uncovered by the court which has addressed the argument that a misdemeanor cannot be an "aggravated felony" under 8 U.S.C. § 1101(a)(43) has rejected it. The Third Circuit was the first to address this issue in *United States v. Graham,* 169 F.3d 787, 792–93 (3rd Cir.1999). In *Graham,* the defendant argued that his prior offense for petit larceny, a misdemeanor under state law, could not be considered an aggravated felony under 8 U.S.C. § 1326(b)(2) and 8 U.S.C. § 1101(a)(43)(G). The court rejected this argument, stating:

> Congress has the power to define the punishment for the crime of reentering the country after deportation, and we conclude that Congress was defining a term of art, "aggravated felony," which in this case includes certain misdemeanants who receive a sentence of one year. Our decision would be much simpler if

1. The record of defendant's state criminal assault conviction was admitted as Exhibit 400 at the hearing. The docket sheet, under the date 12/16/1996 contains the following notation: "Melby/Defendant/Brachvogel." The probation officer contacted the Tacoma Municipal Court, which explained that, under their coding system, this notation signifies

that Melby was the defense counsel and Bracvogel was the City Attorney at the arraignment. Similarly, the notation "White/Defendant/Currie," under the date 01/27/1997, signifies that White was the defense counsel and Currie was the City Attorney at the plea hearing/sentencing.

Congress had used the term "aggravated offense." However, rather than making the underlying offense conform to the label Congress erroneously used to describe section 1101(a)(43) as amended, we give effect to the definition of the underlying offense and ignore the label. *Id.* Other courts have since followed the *Graham* rule when confronted with the issue. *See Wireko v. Reno,* 211 F.3d 833, 835 (4th Cir.2000) ("Title 8, United States Code, § 1101(a)43(F) defines 'aggravated felony' as 'a crime of violence ... for which the term of imprisonment is at least one year ...' Under the plain language of this definition, there is no requirement that the offense actually have been a felony, as that term is conventionally understood."); *Jaafar v. Immigration & Naturalization,* 77 F.Supp.2d 360, 365 (W.D.N.Y.1999) ("Since Jaafar was sentenced to a term of imprisonment of one year, his petit larceny conviction is an aggravated felony for purposes of § 1101(a)(43)."); *Erewele v. Reno,* 2000 WL 1141430 (N.D.Ill. Aug.11, 2000) (misdemeanor shoplifting was an "aggravated assault" under 8 U.C.S. § 1101(a)(43)). The court is persuaded by the reasoning of these courts and rejects defendant's second argument against applying a USSG § 2L1.2(b)(1)(A) enhancement.

■ Defendant's final argument against the enhancement is that the Supreme Court's recent decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), precludes the USSG § 2L1.2(b)(1)(A) sentencing enhancement because an aggravated felony was not alleged in the charging document to which defendant entered a guilty plea. *Apprendi* held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63. As the fact of defendant's previous conviction for a felony or aggravated felony would not increase the penalty imposed

above the statutory maximum, however, the *Apprendi* holding has no effect on this case. The 16 level enhancement to defendant's base offense level would *not* result in a sentence above the statutory maximum of either 10 yrs or 20 years.

In any event, *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), decided two years prior to *Apprendi,* has not been overruled and governs this case. In *Almendarez–Torres,* as in this case, the defendant pled guilty to an indictment charging him with violating 8 U.S.C. § 1362. Section 1362(a) forbids an alien who has been deported from returning to the United States without permission, and prescribes a maximum term of imprisonment of 2 years for its violation. If an alien was deported "subsequent to a conviction for commission of an aggravated felony," however, § 1362(b)(2) authorizes a maximum term of imprisonment of 20 years. Almendarez–Torres had been previously deported for an "aggravated felony." He argued that because the indictment did not mention his prior aggravated felony conviction, he could not be sentenced to more than 2 years imprisonment under § 1362(a). The Supreme Court disagreed, concluding that § 1362(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist [and] does not define a separate crime. Consequently, neither the statute nor the Constitution require the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Id.* 118 S.Ct. at 1223.

Defendant recognizes that *Almendarez–Torres* is directly on point and would allow defendant to be sentenced even beyond the statutory maximum based on his prior convictions. However, defendant asserts that Justice Thomas' concurring opinion in *Apprendi* could be read to overrule *Almendarez–Torres.* Since *Apprendi,* at least one other court has addressed the argument that *Almendarez–Torres* has been overruled. In *United States v. Powell,* 109 F.Supp.2d 381 (E.D.Pa.2000), the court

found that "the Supreme Court's recent decision in *Apprendi* did not, either expressly or impliedly, overrule its prior decision in *Almendarez–Torres.*" The court agrees with the *Powell* court's conclusion and reasoning. The *Powell* court stated:

[I]n *Apprendi*, the Court ultimately concluded that *Almendarez–Torres* was 'a narrow exception to the general rule' and was based on its 'unique facts.' ... [D]espite the Court's reservations about its continuing validity, the Court chose not to overrule *Almendarez–Torres.* 'Needless to say, only [the Supreme Court] may overrule one of its precedents. Until that occurs [*Almendarez–Torres* ] is the law.' *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260 (1983) (per curiam).... Since *Almendarez–Torres* was plainly addressed, but not overruled by the Supreme Court in *Apprendi*, the court is obligated to apply it in this case.

The defendant in *Powell* also argued that Justice Thomas' concurrence could overrule *Almendarez–Torres*, because Justice Thomas confessed error in siding with the *Almendarez–Torres* majority. To this argument the *Powell* court responded:

Justice Thomas' change of heart is significant in that he supplied one of the five (5) votes in both five (5) to four (4) decisions in *Almendarez–Torres* and *Apprendi.* ... Although it is acknowledged that concurrences serve a valid purpose in the American legal system, including providing an additional rationale to support the holding, *see* Aldisert, Ruggero J., Opinion Writing 166 (1990), only majority opinions have precedential value. *Id.* Therefore, neither Justice Thomas' lament (regretting joining the majority in *Almendarez–Torres* ) nor his sagacity (urging a broader rule than that adopted by the majority in *Apprendi*) detracts from the binding nature of *Almendarez–Torres* upon this court.

The court finds that *Almendarez–Torres* remains valid and allows for a sentencing enhancement in this case. Therefore, the court sustains the government's objection and finds that defendant's conviction of criminal assault on January 1, 1997 is an aggravated felony, pursuant to 8 U.S.C. § 1101(a)(43)(F), which supports a 16 level increase to defendant's base offense level under USSG § 2L1.2(b)(1)(A).

**IT IS SO ORDERED.**