| | | | YES | | NO |
|---|---|---|---|---|---|
| If YES, with knowledge of falsity? | (ii) | _____ | YES | _____ | NO |
| With deliberate indifference? | (iii) | _____ | YES | _____ | NO |
| (2) Did Carroll make a pretextual explanation that he concurred in Goodak's explanation that plaintiff failed to submit medical evidence as required by Postal Regulations? | (iv) | _____ | YES | _____ | NO |
| If YES, with knowledge of falsity? | (v) | _____ | YES | _____ | NO |
| With deliberate indifference? | (vii) | _____ | YES | _____ | NO |
| (3) Did Carroll make a pretextual explanation as to [another decision or conduct, to be provided by plaintiff's counsel]? | (vii) | _____ | YES | _____ | NO |
| If YES, with knowledge of falsity? | (viii) | _____ | YES | _____ | NO |
| With deliberate indifference? | (ix) | _____ | YES | _____ | NO |

Timothy P. NORTON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Daniel D. Tavares, Plaintiff,

v.

United States of America, Defendant.

Civil Action Nos. 00–12198–WGY, 00–12199–WGY.

United States District Court, D. Massachusetts.

Oct. 26, 2000.

Timothy P. Norton, Fairton, NJ, pro se.

### MEMORANDUM AND ORDER

YOUNG, Chief Judge.

The word is out. The Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is making the rounds of the nation's prisons. These two self-prepared holographic petitions are like the first spattering rain drops of the coming shower. The Court addresses these two petitions in the order in which they were filed.

### TIMOTHY NORTON'S PETITION

Timothy Norton ("Norton") has petitioned this Court both for release from custody and for appointment of an attorney to present his challenge to his sentence. Norton claims that he is entitled to release because, contrary to the Supreme Court's new rule of law established in *Apprendi* that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt," *id.* at 2355 (quoting *Jones v. United States*, 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)), this Court increased Norton's sentence based upon findings made by the Court rather than by a jury and the Court's determination was made by a preponderance of the evidence rather than beyond a reasonable doubt. Moreover, Norton claims that his indictment was insufficient because it did not charge all facts that could have increased the maximum penalty for his crime.

### I. Background

Norton was tried and convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, this Court concluded that Norton qualified for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because of his numerous violent felony and serious drug convictions. As a result, this Court sentenced Norton to the mandatory minimum sentence under 18 U.S.C. § 924(e)—fifteen years. Norton has previously challenged his conviction in a habeas petition on the grounds that he was improperly considered as a felon under the meaning of the federal firearms statute, he was denied effective assistance of counsel, and this Court improperly relied on his state guilty plea in sentencing him under section 924(e). *Norton v. United States*, Civ. A. NO. 96–12244–WGY, 1997 WL 305222, at *1 (D.Mass. May 12,- 1997). This Court denied his first habeas petition on all grounds. *Id.* at *5.

### II. Analysis

#### A. Petition Under Section 2255

■ Because Norton has previously filed a habeas petition,[1] this Court must

---

1. The First Circuit has not definitively addressed whether, although a petition may literally be "second or successive," it might nonetheless not be successive under the

dismiss his present habeas petition for lack of jurisdiction. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner may file a second or successive section 2255 petition only if the court of appeals first certifies that the petitioner's claim relies on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Under this mandate, AEDPA creates "pre-clearance provisions" that are "an allocation of subject-matter jurisdiction to the court of appeals." *Barrett*, 178 F.3d at 41 (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)). Thus, this Court has no choice but to dismiss Norton's habeas petition for want of subject matter jurisdiction pursuant to AEDPA.

> meaning of AEDPA and hence avoid AEDPA's jurisdictional bar on the ground that the claim in the successive petition could not reasonably have been presented earlier. Indeed, the First Circuit has recognized that not all literal second or successive petitions are successive petitions under AEDPA. *Sustache–Rivera v. United States*, 221 F.3d 8, 12–13 (1st Cir.2000) (recognizing that successive petitions that are really extensions of original petitions that, for technical or prematurity reasons, were not addressed on the merits as well as petitions attacking different criminal judgments than in the first petition, are not successive petitions under AEDPA).
>
> This Court holds that Norton's second petition is successive not only literally, but also as defined under AEDPA. First, when Congress set forth the requirements necessary to bring a successive petition, it recognized that successive petitions, as defined in section 2255, would include new legal issues that could not have been brought earlier. *United States v. Barrett*, 178 F.3d 34, 45 n. 5 (1st Cir.1999) (noting that section 2255 indicates that review is available when there is "a 'new rule of

### B. Petition Under Section 2241

Even if this Court were to construe Norton's claim as a challenge of his sentence pursuant to section 2241,[2] this Court is unable to reach the merits of such a claim because it lacks jurisdiction over Norton's custodian. Jurisdiction under section 2241 properly lies in the district court with jurisdiction over the prisoner's custodian. *Barrett*, 178 F.3d at 50 n. 10; *United States v. Glantz*, 884 F.2d 1483, 1489 (1st Cir.1989) ("Motions under [§ 2241] must be brought before a district court that has jurisdiction over the prisoner or his custodian." [citing *Thompson v. United States*, 536 F.2d 459, 460–61 (1st Cir.1976)]),

Moreover, even when the petitioner challenges the validity rather than the execution of his sentence in a petition under section 2241, jurisdiction lies, not in the sentencing court as per section 2255, but in the district court that has jurisdiction over the custodian. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir.2000) (per curiam) (holding that only the district court in which prisoner is confined has jurisdiction to hear claim under section 2241, even when challenging the validity of the sen-

> constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable' " [quoting 28 U.S.C. § 2254]). Second, to allow a second claim to avoid the AEDPA requirements merely because there was cause for the petitioner's failure to bring it in the first petition would undermine congressional intent to apply stricter standards for habeas petitions under AEDPA. *Sustache–Rivera*, 221 F.3d at 13 (quoting *Barrett*, 178 F.3d at 48 n. 8). Third, courts of appeals have consistently treated second petitions that present new claims as successive petitions under AEDPA. *See id.* at 14 (citing *In re Davenport*, 147 F.3d 605, 610 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361, 367–70 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 247–48 (3d Cir. 1997)). For these reasons, this Court treats Norton's second petition as successive within the meaning of AEDPA.
>
> **2.** Section 2241 states in relevant part that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241.

tence); *Hooker v. Sivley,* 187 F.3d 680, 682 (5th Cir.1999) (per curiam) (holding that judicial determination of whether prisoner is entitled to bring section 2241 petition must be made in the district in which he is confined); *Barrett,* 178 F.3d at 50 n. 10 (noting in dicta that, even when petitioner is challenging the validity of his sentence under section 2241 rather than the execution of that sentence, jurisdiction under section 2241 properly lies in the district court with jurisdiction over the prisoner's custodian); *Dorsainvil,* 119 F.3d at 252 (suggesting that even when petitioner challenges the validity of his sentence, a petition under section 2241 should be brought in the district of his confinement). *But see Vasquez v. Reno,* 97 F.Supp.2d 142, 149–51 (D.Mass.2000), *appeal pending,* No. 00–1505 (1st Cir.2000) (holding that jurisdiction lies in District of Massachusetts because Attorney General, and not merely the I.N.S. District Director of the detention facility, was the custodian of the I.N.S. detainee). Thus, because Norton is in custody in New Jersey, this Court does not have jurisdiction over any section 2241 claim that he might have.

### C. Appointment of an Attorney

■ This Court has the authority to appoint an attorney for a financially eligible person seeking relief under sections 2241 or 2255 upon the determination that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). Norton has no claim over which this Court has jurisdiction. The assistance of counsel would not aid petitioner before this Court. Accordingly, the interests of justice do not re-

quire appointment of counsel to Norton in this matter. *See Talbott v. Lappin,* No. TH00–0184–C–T/F, 2000 WL 1124950, at *1 (S.D.Ind. July 31, 2000) (denying appointment of counsel when court lacked jurisdiction to hear petitioner's habeas petition).[3]

### III. Conclusion

Pursuant to Rule 4 of the Supplementary Rules Governing Habeas Proceedings, this Court *sua sponte* dismisses Norton's claim for relief under section 2255 for want of subject matter jurisdiction. This Court also dismisses any claim that Norton would have under section 2241 for want of jurisdiction. Norton's petition for appointment of an attorney is denied.

## DANIEL TAVARES' PETITION

Daniel D. Tavares ("Tavares") has petitioned this Court for release from custody pursuant to the All Writs Act. Like Norton, Tavares claims that, contrary to *Apprendi,* this Court increased his sentence beyond the statutory maximum based upon findings made by the Court by a preponderance of the evidence rather than by a jury beyond a reasonable doubt. Moreover, Tavares claims that his indictment was insufficient because it did not charge all facts that could have increased the maximum penalty for his crime.

### I. Background

Tavares was convicted of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). The statutory maximum for a violation of § 922(g)(1) is ten years. 18 U.S.C. § 924(a)(2) ("Whoever

---

**3.** Justice also does not require appointment of an attorney in this instance because of the inapplicability of the rule of law established in *Apprendi* to Norton's case. *Apprendi* very explicitly set out its holding: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 120 S.Ct. at 2362–63. Although this Court, rather than a jury, made the determination that Norton was included

under the Armed Career Criminal Act, the Court only relied on Norton's prior convictions in doing so. Because *Apprendi* does not apply to judicial determinations based on prior convictions, it would be inapplicable in this case. *See United States v. Powell,* 109 F.Supp.2d 381, 384 (E.D.Pa.2000) (holding that *Apprendi* did not require prior convictions to be charged in indictment for section 922[g] violation to be enhanced by judge under section 924[e] ).

knowingly violates subsection [ (g) ] of section 922 shall be ... imprisoned not more than 10 years ....”). The applicable guideline for his offense was U.S.S.G. § 2K2.1 (Nov.1990). This Court then enhanced his sentence pursuant to U.S.S.G. § 2A2.2 on the ground that Tavares committed an assault with the intent to do bodily harm and pursuant to U.S.S.G. § 4A1.3 on the ground that his criminal history category did not adequately reflect the seriousness of his past criminal conduct. This Court sentenced Tavares to ten years imprisonment. *United States v. Tavares,* No. 96–2247, 114 F.3d 1170, 1997 WL 282859, at *1 (1st Cir. May 29, 1997). The First Circuit affirmed Tavares’ sentence, rejecting his arguments raised on appeal that the upward departures and application of the aggravated assault guideline were inappropriate. *Id.*

## II. Analysis

Tavares seeks relief under the All Writs Act, 28 U.S.C. § 1651.[4] The “All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.” *Barrett,* 178 F.3d at 55 (quoting *Carlisle v. United States,* 517 U.S. 416, 429 (1996) ). In this instance, sections 2255 and 2241 are the applicable statutes, yet neither section is operative here.

Tavares has been a frequent litigant in this Court. *Tavares v. Massachusetts,* 59 F.Supp.2d 152, 155 n. 2 (D.Mass.1999) (describing numerous claims that Tavares has filed in federal court). He has sought to challenge his federal sentence as well as his prior state convictions. Significantly, he has twice challenged his federal sentence pursuant to section 2255. His first petition challenging his sentence was dismissed as premature because his appeal was pending. *Tavares v. United States,*

914 F.Supp. 732, 732 (D.Mass.1996). His second petition was dismissed as an abuse of the writ. *Tavares v. Rardin,* No. 97–12760 (D.Mass. Jan. 6, 1998). For the same reasons articulated above in considering Norton’s petition, this Court holds that even though Tavares could not have brought this claim earlier, his successive petition is not only literally successive, but also a second or successive petition within the meaning of AEDPA and thus is presently beyond the subject matter jurisdiction of this Court. Furthermore, because Tavares is in custody in West Virginia, this Court likewise does not have jurisdiction over any section 2241 claim that he might have.

The fact that neither section 2255 nor section 2241 confers jurisdiction to entertain Tavares’ claim, however, does not imply that he is entitled to relief under the All Writs Act. *See Barrett,* 178 F.3d at 55 (“The writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the ‘second or successive’ provisions of § 2255 ....” [citations omitted] ). Moreover, the mere fact that section 2241 relief is not available to Tavares does not create a remedy for him under the All Writs Act: “[I]f Congress has forbidden federal prisoners to proceed under 2241 even when 2255 is closed to them ... then it would be senseless to suppose that Congress permitted them to pass through the closed door simply by changing the number 2241 to 1651 on their motions.” *In re Davenport,* 147 F.3d at 608; *see also Barrett,* 178 F.3d at 56 (suggesting that there might be some instance in which section 2255 bars recovery and the All Writs Act will provide a remedy if the remedy under section 2255 is inadequate).[5]

---

**4.** The All Writs Act provides that “[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.” 28 U.S.C. § 1651(a).

**5.** Even assuming that Tavares could bring a claim under the All Writs Act, he is not entitled to any relief under *Apprendi.* Significant in *Apprendi*’s holding is the fact that it proscribes as unconstitutional only those judicial determinations that increase the sentence beyond a prescribed statutory maximum. Thus,

### III. Conclusion

The All Writs Act having no application to the present situation, this Court, pursuant to Rule 4 of the Supplementary Rules Governing Habeas Proceedings, *sua sponte* dismisses Tavares' claim for relief under section 2255 for want of subject matter jurisdiction. The Court also dismisses any claim that Tavares would have under section 2241 for want of jurisdiction.

judicial findings that result in increased sentences pursuant to the Guidelines cannot trigger *Apprendi* unless those determinations result in a sentence that is greater than the statutory maximum. But the Supreme Court has already explicitly held that this result is forbidden by the Guidelines themselves. *Edwards v. United States*, 523 U.S. 511, 515, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998) (citing U.S.S.G. § 5G1.1). Indeed, the Supreme Court in *Apprendi*, making direct reference to its language in *Edwards*, indicated that "[t]he Guidelines are, of course, not before the Court [and we] express no view on the subject beyond what this Court has already held." *Apprendi*, 120 S.Ct. at 2366 n. 21 (citing *Edwards*, 523 U.S. at 515, 118 S.Ct. 1475).

Thus, because Tavares' sentence of ten years was within the statutorily prescribed maximum of ten years, there is no violation of the *Apprendi* rule. This result is consistent with several circuit courts' application of *Apprendi* to increased sentences based on the guidelines. *E.g., United States v. Cepero*, 224 F.3d 256, 268 n. 5 (3d Cir.2000); *United States v. Corrado*, 227 F.3d 528, 541 (6th Cir.2000); *Hernandez v. United States*, 226 F.3d 839, 841 (7th Cir.2000); *United States v. Hernandez–Guardado*, 228 F.3d 1017, 1026 (9th Cir.2000); *see also Apprendi* Developments, *Federal Criminal Defense Update*, October 2000, at 1 (noting recent decision of *United States v. Batista*, No. 99–10348 (D. Mass 2000) (Stearns, J.), notice of appeal filed Sept. 25, 2000, which held that "where the sentencing guideline range was lower than the drug-quantity mandatory *minimum* ... the minimum applied, even though the indictment did not charge a drug quantity").