[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1373

UNITED STATES,

Appellee,

v.

PATRICK M. VIGNEAU,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Patrick Vigneau on brief pro se.
Margaret E. Curran, United States Attorney, Donald C. Lockhart and Richard W. Rose, Assistant United States Attorneys, on brief for appellee.

---

MARCH 13, 2001

---

**Per Curiam**.  After a thorough review of the record and of the parties' multiple submissions, we adopt the government's recommendations.  We vacate the conviction on Count 6, vacate the sentence on Counts 3 through 5, and remand the matter for re-sentencing.  In all other respects, we affirm.

Count 6 of the indictment charged conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. Because the same conduct supported the conviction for engaging in a continuing criminal enterprise, see 21 U.S.C. § 848, we must vacate the conviction under Count 6 as violative of the double jeopardy clause.  See Rutledge v. United States, 517 U.S. 292, 296-307 (1996); United States v. Escobar-DeJesus, 187 F.3d 148, 162 n. 8, 173 n. 24 (1st Cir. 1999), cert. denied, 120 S. Ct. 1208 (2000).

The sentences imposed under Counts 3, 4 and 5 exceeded the maximum sentence allowed by statute.  See 21 U.S.C. § 841(b)(1)(D) (maximum sentence for offense involving less than 50 kilograms of marijuana is five years).  Because appellant Patrick Vigneau's ("Vigneau's") sentence on these counts was well in excess of that maximum, we find plain error, and vacate and remand for re-sentencing.

In all other respects, Vigneau's arguments lack merit.  He waived all objections to the revised Pre-Sentence Report to the extent the same information was included in the original Pre-Sentence Report prepared for his first sentencing.  See United States v. Ticchiarelli, 171 F.3d 24, 32 (1st Cir. 1999).  Thus, any alleged failure by the court or probation to comply with Rule 32 or any related failures cannot constitute plain error.  Further, we find no plain error in the lower court's failure to vacate the continuing criminal enterprise conviction; the evidence was sufficient to establish that Vigneau acted in a supervisory position with respect to at least five participants.  This is so even if the court does not count those individuals not convicted.  Vigneau's argument that the evidence is insufficient to support a sentencing enhancement under U.S.S.G. § 3B1.1 is inapposite, given that he was not sentenced under that provision.  Finally, we find his argument under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), to be meritless.  Contrary to Vigneau's assertion, Apprendi did not hold that 21 U.S.C. § 841 is unconstitutional *per se*, and we see nothing in the Supreme Court's opinion or in subsequent case law from which we could so infer, or which would justify us in vacating any of the convictions here.

The conviction on Count 6 of the indictment is vacated; the sentence on Counts 3, 4 and 5 is vacated without prejudice, and the matter is remanded for re-sentencing; in all other respects, the judgment is affirmed.