**Ramiro CALVACHE, Petitioner,**

v.

**Michael BENOV, Respondent.**

**Civ.A. No. 00–11956–WGY.**

United States District Court,
D. Massachusetts.

Aug. 20, 2001.

Robert A. Ratliff, Cincinnati, OH, for petitioner.

John A. Wortmann, Jr., U.S. Attorney's Office, Boston, MA, for respondent.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

The petitioner, Ramiro Calvache ("Calvache"), asks this Court to vacate his sentence and conviction pursuant to 28 U.S.C. § 2241 based on the recent holding of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

### I. Background

On January 22, 1992, Calvache was named in a multi-count indictment in the United States District Court for the District of Maryland. Pet'r's Mot. ¶ 1. A superseding indictment was subsequently returned, charging Calvache with one count of conspiracy to possess with intent to distribute cocaine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(b)(1), 846. J. at 1; Presentence Report at 2; *see also* Pet'r's Mot. ¶ 1. On March 20, 1992, Calvache pled guilty to that count. Presentence Report at 2. In the plea agreement, Calvache and the Government stipulated that the offense involved nineteen kilograms of cocaine and ninety-six grams of cocaine base. Plea Agreement of Mar. 2, 1992, *quoted in* Presentence Report at 2; *see also* Pet'r's Mot. ¶ 2. On June 5, 1992, a judge of the United

States District Court for the District of Maryland sentenced Calvache to a term of 188 months imprisonment. J. at 2–3. Calvache appealed neither his plea nor his sentence. Pet'r's Mot. ¶ 4. He has, however, previously sought the Great Writ. *Id.* ¶ 5. Calvache is currently incarcerated at the Federal Medical Center at Fort Devens, Massachusetts. *Id.* ¶ 6.

On August 26, 1999, Calvache filed a motion in the District of Maryland pursuant to 28 U.S.C. § 1651, the All Writs Act, for "correction of illegal sentence." *Id.* ¶ 5. That court construed the motion as a successive petition under 28 U.S.C. § 2255 and denied the request. *Id.*

## II. Calvache's Present Petition

Calvache's present petition makes the following arguments: (1) his remedy under section 2255 is inadequate and ineffective, making section 2241 the appropriate remedy for his present petition, Pet'r's Mem. at 8–11; (2) his sentence is unconstitutional in light of *Apprendi* because drug quantity was not alleged in his indictment, *id.* at 11–17; (3) his plea was made neither knowingly nor intelligently in light of *Apprendi* because he was unaware that the government would have to submit drug quantity to the jury and prove it beyond a reasonable doubt, *id.* at 17–18; and (4) *Apprendi* establishes that 21 U.S.C. § 841 is *per se* unconstitutional or at least requires mens rea as to the drug quantity to be shown, *id.* at 19–30.

## III. Analysis

■ Calvache brings his petition under section 2241,[1] which creates jurisdiction in the district courts[2] for general habeas corpus petitions. Typically, prisoners are permitted to use section 2241 to challenge the execution of their sentences, not the validity of their sentences. *United States v. DiRusso,* 535 F.2d 673, 674–76 (1st Cir.1976). In rare instances, however, pursuant to the "savings clause" of section 2255, a federal prisoner can challenge his conviction and sentence under section 2241 if the prisoner can establish that the remedy afforded under section 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255. *United States v. Barrett,* 178 F.3d 34, 49–50 (1st Cir.1999), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000). The prisoner bears the burden of proving that the remedy under section 2255 is inadequate. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999) (per curiam).

■ Calvache argues that his remedy under section 2255 is inadequate and ineffective because he is precluded from raising his newly available constitutional claim under *Apprendi* in a successive petition. Pet'r's Mem. at 9–11. Calvache is correct that, given his representation that this is a successive petition, the pre-clearance restrictions on successive petitions would effectively bar his claim unless and until the Supreme Court makes *Apprendi* retroactive.[3] *Sustache–Rivera v. United States,*

---

1. 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," *id.*

2. A section 2241 petition properly is brought in the district court with jurisdiction over the prisoner's custodian. *Norton v. United States,* 119 F.Supp.2d 43, 45–46 (D.Mass.2000). Calvache is currently detained at Fort Devens,

Massachusetts. Thus, if Calvache can bring his present claims pursuant to section 2241, then this Court has jurisdiction over his petition.

3. Calvache is also precluded from bringing his present claims under section 2255's one-year statute of limitations. The one-year post-conviction grace period during which Calvache was required to bring his claim has expired, making his petition untimely under

221 F.3d 8, 15 (2000) ("[I]t is clear that the Supreme Court has not made the [*Apprendi*] rule retroactive to cases on collateral review."), *cert. denied,* —— U.S. ——, 121 S.Ct. 1364, 149 L.Ed.2d 292 (2001); *see also Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). The mere fact that a prisoner is procedurally barred under section 2255, however, does not make the remedy under section 2255 inadequate or ineffective. *Barrett,* 178 F.3d at 50; *see also In re Davenport,* 147 F.3d 605, 608 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 376 (2d Cir. 1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997). "Such a result would make Congress's ... amendment of [section] 2255 a meaningless gesture." *Barrett,* 178 F.3d at 50, *quoted in Sustache–Rivera,* 221 F.3d at 16 n. 13.

Thus, Calvache must be able to point to something more to show that his remedy under section 2255 is inadequate. Several circuits have addressed under what circumstances section 2255 can be inadequate or ineffective. *In re Jones,* 226 F.3d 328, 333–34 (4th Cir.2000) (holding that section 2255 is inadequate when an intervening statutory change of law makes the defendant's conduct no longer criminal); *Wofford v. Scott,* 177 F.3d 1236, 1244 (11th Cir.1999) (holding that the savings clause applies when the claim is based on a retroactive Supreme Court decision that establishes that the petitioner was convicted for a nonexistent offense and that he had no

section 2255(1). Similarly, Calvache cannot rely on section 2255(2) or section 2255(4) because there was neither a governmental impediment to, nor newly discovered facts supporting, his present *Apprendi* claim. Finally, section 2255(3) is inapplicable because neither a relevant circuit nor the Supreme Court has held that *Apprendi* is retroactive on

reasonable opportunity previously to seek a judicial remedy); *In re Davenport,* 147 F.3d at 609, 611 (holding that section 2255 is inadequate when it does not allow a prisoner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence"); *Triestman,* 124 F.3d at 377–79 (holding that a petitioner barred by section 2255 can bring a petition under section 2241 in those cases in which "failure to allow for collateral review would raise serious constitutional questions"); *In re Dorsainvil,* 119 F.3d at 251 (holding that section 2241 relief is available in the "unusual circumstance" in which denial of a second petition would result in a "complete miscarriage of justice" because it would allow the punishment of a defendant for an act that is not criminal because of an intervening change of law); *see also Charles,* 180 F.3d at 757 (asserting that the practical effect of *Davenport, Dorsainvil,* and *Triestman* is that the savings clause allows a petitioner to make a claim of actual innocence that would otherwise be barred by section 2255).

 Although the First Circuit has not defined the scope of the savings clause, under any of these standards Calvache is unable to show that his remedy under section 2255 is inadequate. Calvache relies solely on his inability to bring a claim under *Apprendi* in arguing that his remedy under section 2255 is inadequate. Even if this Court were to assume that *Apprendi* applies retroactively to cases on collateral review,[4] however, Calvache is unable to support a claim under *Apprendi* be-

collateral review. *Berthoff v. United States,* 140 F.Supp.2d 50, 59–60 (D.Mass.2001) (dictum); *see also United States v. Sanders,* 247 F.3d 139, 146–51 (4th Cir.2001) (holding that *Apprendi* does not apply retroactively to cases on collateral review).

4. Although the First Circuit has not decided this question, the Fourth Circuit has conclu-

cause he was sentenced well below the default statutory maximum.

In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. *Apprendi,* therefore, does not apply to a sentencing judge's findings unless those findings increase the sentence above the "default statutory maximum," which is the statutory maximum determined from only those facts alleged in the indictment. Indeed, both the First and Fourth Circuits agree that, specifically with respect to 21 U.S.C. § 841, no *Apprendi* violation occurs unless a defendant is sentenced beyond the applicable default statutory maximum.[5] *United States v. Promise,* 255 F.3d 150, 156 n. 5 (4th Cir.2001) (en banc); *United States v. Gomez,* 255 F.3d 31, 40 (1st Cir. 2001); *United States v. Angle,* 254 F.3d 514, 517–18 (4th Cir.2001) (en banc); *United States v. Burgos,* 254 F.3d 8, 16 (1st Cir.2001).

Calvache's sentence does not exceed the prescribed default statutory maximum.

Calvache was indicted for and pled guilty to conspiracy to distribute a mixture containing cocaine, a schedule II controlled substance. J. at 1. Section 846 of title 21 of the United States Code provides that any person who conspires to possess cocaine is subject to the same penalties as those prescribed for the substantive offense. 21 U.S.C. § 846. Thus, the default statutory maximum is set forth in 21 U.S.C. § 841(b)(1)(C), which establishes a twenty-year statutory maximum for unspecified quantities of cocaine. *Id.* ("In the case of a controlled substance in schedule I or II, . . . such person shall be sentenced to a term of imprisonment of not more than 20 years . . . ."). Calvache was sentenced to 188 months imprisonment, which is well below the applicable default statutory maximum. Thus, there was no *Apprendi* error. Moreover, because there was no *Apprendi* violation, Calvache has no basis for arguing that his plea was unknowing; Calvache had knowledge of both the elements that the jury would have had to find beyond a reasonable doubt to convict him and the potential penalties that he would face. *Cf. United States v. Robinson,* 241 F.3d 115, 120–22 (1st Cir.2001) (holding that exposure simpliciter to a

---

sively held that *Apprendi* cannot be applied retroactively to cases on collateral review. *Sanders,* 247 F.3d at 146–51; *see also United States v. Moss,* 252 F.3d 993, 997–1001 (8th Cir.2001) (holding that *Apprendi* is not retroactive to cases on collateral review); *Jones v. Smith,* 231 F.3d 1227, 1236–38 (9th Cir.2000) (same).

**5.** The conclusion that *Apprendi* does not apply to 21 U.S.C. § 841 *unless* a fact found by the judge increases the sentence beyond the statutory maximum is inconsistent with Calvache's argument that this Court should conclude that 21 U.S.C. § 841 is *per se* unconstitutional. "*Apprendi* did not hold that 21 U.S.C. § 841 is unconstitutional *per se,* and [there is] nothing in [*Apprendi*] or in subsequent case law from which [one] could so infer, or which would justify . . . vacating any of the convictions here." *United States v. Vigneau,* 2 Fed.Appx.

53, 54 (1st Cir.2001) (per curiam) (unpublished disposition); *see also United States v. Lewis,* 13 Fed.Appx. 180, 186–87 (4th Cir. 2001) (per curiam) (unpublished disposition); *United States v. Brough,* 243 F.3d 1078, 1079–80 (7th Cir.2001), *petition for cert. filed,* —— U.S. ——, 122 S.Ct. 203, —— L.Ed.2d —— (2001).

For the propriety of citing unpublished decisions, see *Anastasoff v. United States,* 223 F.3d 898, 899–905 (8th Cir.) (R. Arnold, J.) (holding that unpublished opinions have precedential effect), *vacated as moot,* 235 F.3d 1054 (8th Cir.2000) (en banc), *Giese v. Pierce Chem. Co.,* 43 F.Supp.2d 98, 103 (D.Mass. 1999) (relying on unpublished opinions' persuasive authority), and Richard S. Arnold, *Unpublished Opinions: A Comment,* 1 J.App. Prac. & Process 219 (1999).

higher statutory maximum does not violate *Apprendi*).

Calvache's sentence of 188 months imprisonment is not in violation of *Apprendi*.[6] Accordingly, his inability to bring his present habeas petition pursuant to section 2255 results in neither a fundamental defect in his conviction nor a miscarriage of justice; nor can Calvache support a claim of actual innocence.[7] Consequently, Calvache has no basis on which to argue that his remedy under section 2255 is inadequate, leaving him with no remedy under section 2241.

## IV. Conclusion

For the foregoing reasons, Calvache's "Motion Pursuant to 28 United States Code Section 2241" [Docket No. 1] is DISMISSED for want of jurisdiction.

---

**6.** Even if Calvache could state a claim under *Apprendi*, this Court has serious doubts that he would be able to show that section 2255 is inadequate and ineffective. *Apprendi* sets forth a new rule of constitutional law. *Apprendi*, 530 U.S. at 491–92, 120 S.Ct. 2348 ("[I]n light of the constitutional rule explained above ... this practice cannot stand."); *Moss*, 252 F.3d at 997–98; *Sanders*, 247 F.3d at 147; *Browning v. United States*, 241 F.3d 1262, 1266 (10th Cir.2001); *Smith*, 231 F.3d at 1236 & n. 6. Although the First Circuit has not conclusively determined the scope of the savings clause, it nonetheless has noted that:

> [i]f [a petitioner's] claim is a *constitutional* claim, there is less reason to resort to the savings clause, as Congress permits new constitutional rule claims to be made on second or successive petitions provided that the Supreme Court has made the new rule retroactive (and the claim was not previously available). If the Supreme Court does not ever make the decision retroactive, the prisoner is no worse off than before. If the Supreme Court eventually makes the rule retroactive, the prisoner may at that time attempt a claim by second or successive [section] 2255 petition.

*Sustache–Rivera*, 221 F.3d at 16 (emphasis added). This dictum suggests that the First Circuit is unsympathetic to the argument that the inability to bring a new *constitutional* claim should trigger the savings clause. To allow petitioners to use section 2241 to raise new constitutional claims before the Supreme Court has held that they should be applied retroactively on collateral review would fly in the face of Congress's attempt to restrict those very petitions through its addition of the pre-clearance requirements in section 2255. Indeed, the Fourth Circuit, in considering the scope of the savings clause, has held that in order for section 2255 to be inadequate, the new rule must not be constitutional and hence capable of satisfying the gatekeeping provisions of section 2255. *In re Jones*, 226 F.3d at 334; *see also In re Davenport*, 147 F.3d at 611–12 (holding that in order for section 2255 to be inadequate, the intervening change in law must elude the pre-clearance requirements for successive petitions).

**7.** The inapplicability of *Apprendi* also reveals Calvache's inability to show cause and prejudice (for his failure to make his argument on direct appeal or in his first section 2255 petition) or actual innocence. *Sustache–Rivera*, 221 F.3d at 17 (requiring that section 2241 petitions show cause and prejudice or actual innocence for failure to raise the arguments earlier); *see also Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (setting out cause and prejudice or actual innocence requirement in cases in which petitioner procedurally defaulted claim by failing to raise it on direct review).